## VIOLATIONS OF CONTRACT NOT TO ENGAGE IN A COMPETING BUSINESS.

Superior Court of Cincinnati.

JAMES STEPHENS ET AL V. WILLIAM PAHL.

Decided, June 25, 1921.

*Vendor of a Restaurant and its Good Will—Covenants not to Enter into a Similar Business Within One Square—Becoming Manager of a Competing Restaurant Held to be a Violation of his Covenant.*

1. A contract for the sale of the goodwill, chattels, fixtures, etc., of a restaurant business, containing a covenant by the defendant not to enter into said businesss in competition with plaintiffs for six months within one square, is valid and binding in law.

2. Where the defendant engages in said business within said square during the six months, even though he be not the owner, but is only manager, and the evidence discloses that as manager he is the active controlling force of the business, his conduct violates the contract, and injunction will lie.

3. The purpose and common intent of the parties to such a contract was to afford and assure the plaintiffs as far as the defendant was concerned, an unopposed pursuit of the restaurant business sold. for which a valuable consideration was paid.

4. Such a covenant not to compete entitles the plaintiffs not only to the protection in respect of customers and patrons, but a right to enter the field of competition unhampered by any adverse influence of this defendant.

*Jos. B. Derbes,* for plaintiffs.

*Elmer Conway, H. A. Reeve and Williams & Ragland,* for defendant.

GUSWEILER, J.

Plaintiffs pray in this cause for injunctive relief against defendant engaging in competition with plaintiffs in the restaurant business within a certain square in Cincinnati, Ohio, for a period of six months.

The written contract entered into between the parties, dated April 26, 1921, involves the sale for $4,400 of the restaurant

business formerly belonging to the defendant located at 344 West Fourth street, together with all stock, goods, chattels, fixtures, etc. The defendant agreed also, *"that he will not enter into the restaurant business in competition with the said James Stephens and Charles Williams within one square of the said restaurant for a period of six months from the date hereof."*

Plaintiffs claim that the defendant on June 10th, 1921, opened a restaurant at 345 West Fifth street, within one square, in violation of said contract. The defendant answers admitting the contract, but denies engaging in the restaurant business in violation thereof. The cause was heard upon its merits.

The evidence of the defendant discloses that he, his wife and son all formerly worked at the Fourth street restaurant, and are now working at the new restaurant on Fifth street; that he the defendant is the manager of the new restaurant; that he does all the hiring and discharging of help, purchases all the supplies and has general supervision of said restaurant, but he testified that the new business, managed by the defendant belongs to one Doyle, who purchased the same for $3,600 borrowed from this defendant and secured by note. Defendant claims he loaned Doyle this amount out of the money he obtained in the sale of the old restaurant to plaintiffs. Defendant testified that Doyle is the owner and proprietor and that he is manager only, and is not engaged in the restaurant business in competition with plaintiffs.

While there were other witnesses and evidence on other parts of the case, we believe that the testiimony of the defendant himself is sufficient as a matter of law, clearly indicating his connection and relation to the new restaurant. We take it that the very purpose of the contract of sale involved in this case, reciting the covenant not to engage in the restaurant business in this particular square for six months, was to eliminate the defendant as a restaurant business factor in this territory for this time. The contract is not unreasonable or in restraint and the defendant is not deprived of earning a livelihood at his regular vocation; he may pursue his business at any time any-

where beyond his square.  Evidently the object of such a contract was to avoid competition, to remove beyond reach the influence of the defendant's popularity, business ability and personal influences.  Vol. 26 Am. & Eng. Anno. Cases, 291-292-293.

We are of the opinion that it makes little difference whether this defendant is owner or manager of the new restaurant.  We are certain that the scope and character of defendant's employment is such as to result in all likelihood in interference with the business which was the subject of the contract of the parties.  As manager, defendant is dominant, controlling influentially and effective upon the success of the business.  6 R. C. L. page 1018-1019.

The mere fact that the defendant is working upon a salary as manager and is not the owner of the business in question, will not preclude equity from giving relief, if the effect of defendant's connection therewith violates the contract in question. *Finger* v. *Hahn,* 42 N. J. Eq. Rep., 606.

Defendant had a legal right to sell his skill and talent in this territory for this time, and this he did and by doing so now precludes himself from entering into any competition with plaintiffs.  Can it be questioned but that defendant's conduct and connection with the new restaurant is within the spirit and letter of violation of this contract not to engage in business in this square during the six months provided for?  On the question of the interpretation of the word *"competition"* while there are various definitions and constructions given, nevertheless, it can not be denied that the new restaurant is wholly dependent upon defendant as its manager for the success and profitable conduct, and if so, he, the defendant is creating and maintaining competition against these plaintiffs.

The test as to the question of competition and violation on the part of this defendant of his covenant not to engage in like business, is mischief.  And mischief begins when the scope and character of the defendant's employment is such as to result in all likelihood in substantial interference with the business which was the subject of the contract.  And it will not do to

say that there can be no interference if the defendant shall refrain from any act which can operate to induce the customers of the old business to transfer their patronage to his new employer. Influence may be exerted indirectly as well as directly, and the plaintiffs in purchasing the business and its good will are entitled not only to protection in respect of customers and patrons, but to enter the field of competition unhampered by any adverse influence of this defendant. 35 Vol. Am. & Eng. Anna. Cases, page 383. It does not matter how or in what name defendant acts, if he in fact carries on the business he agreed not to carry on, he is acting, he is breaking his promise whether he acts as principal or agent. *Fenger* v. *Hahn*, 42 N. J. Eq., 606.

The common intent of the parties to this contract was to afford and assure the plaintiffs as far as the defendant was concerned, an unopposed pursuit of the restaurant business sold to the plaintiffs and for that they paid a valuable consideration *Smith* v. *Webb*, 176 Ala., 596.

A point raised by counsel for the defendant claiming that a square was restricted and defined by a certain city ordinance so as to exclude the restaurant in question is answered by noting the fact that this ordinance was passed several months subsequent to the date of the contract and relates only and especially to a specific subject not including this business. Our opinion is that the restaurant in question is located within the square as described in the contract. The municipal house numbers on Central avenue and other north and south streets run from Fourth to Fifth street beginning with 400 without regard to a small narrow intervening street between Fourth and Fifth streets, thus indicating numbering by blocks or squares.

It follows and we hold that the plaintiffs having paid unto the defendant $4,400 for the chattels, fixtures, good will, etc., with a covenant on the part of the defendant not to engage in the restaurant business in said square during six months, that the defendant can not act as manager or in any capacity in said restaurant business during the term of said contract. An order may be taken in keeping with this finding.